**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No.:

JOSE MARINO,

      Plaintiff,

v.

HIALEAH INDUSTRIAL PORTFOLIO
LLC and ARTISTAS RESTAURANT INC
D/B/A ARTISTAS RESTAURANT A/K/A
ARTISTAS CAFE,

      Defendants.

_____/

## **COMPLAINT**

Plaintiff, JOSE MARINO, individually and on behalf of all other similarly situated mobility-impaired individuals (hereinafter "Plaintiff"), sues HIALEAH INDUSTRIAL PORTFOLIO LLC and ARTISTAS RESTAURANT INC D/B/A ARTISTAS RESTAURANT A/K/A ARTISTAS CAFE (hereinafter "Defendants"), and as grounds alleges:

## JURISDICTION, PARTIES, AND VENUE

1. This is an action for injunctive relief, attorneys' fees, litigation expenses, and costs pursuant to 42 U.S.C. § 12181, et seq., (the "Americans with Disabilities Act" or "ADA") and 28 U.S.C. §§ 2201 and 2202.

2. The Court has original jurisdiction over Plaintiff's claims arising under 42 U.S.C. § 12181, et seq. pursuant to 28 U.S.C. §§ 1331, 1343 and 42 U.S.C. § 12117(a).

3. Plaintiff, JOSE MARINO, is an individual over eighteen years of age, with a residence in Miami-Dade County, Florida, and is otherwise *sui juris*.

4. At all times material, Defendant, HIALEAH INDUSTRIAL PORTFOLIO LLC, owned and continues to own a commercial property at 9500 NW 79th Avenue, Hialeah Gardens,

Florida 33016 (hereinafter the "commercial property") which conducted a substantial amount of business in that place of public accommodation in Miami, Florida.

5. At all times material, HIALEAH INDUSTRIAL PORTFOLIO LLC, was and is the owner of real property which is a commercial property and place of public accommodation, with its principal place of business in Miami, Florida.

6. At all times material, Defendant, HIALEAH INDUSTRIAL PORTFOLIO LLC was and is a Florida Limited Liability Company, organized under the laws of the State of Florida, with its principal place of business in Miami, Florida.

7. At all times material, Defendant, ARTISTAS RESTAURANT INC D/B/A ARTISTAS RESTAURANT A/K/A ARTISTAS CAFE, owned and operated a cafeteria located at 9550 NW 79th Avenue, Suite #3, Hialeah Gardens, Florida 33016[1] (hereinafter the "cafeteria") and conducted a substantial amount of business in that place of public accommodation in Miami-Dade County, Florida.

8. At all times material, Defendant, ARTISTAS RESTAURANT INC D/B/A ARTISTAS RESTAURANT A/K/A ARTISTAS CAFE, was and is a Florida Profit Corporation which is registered to conduct business in the State of Florida and has the principal place of business listed in this ADA Complaint in Miami, Florida.

9. At all times material, ARTISTAS RESTAURANT INC D/B/A ARTISTAS RESTAURANT A/K/A ARTISTAS CAFE, was and is the owner of a cafeteria, which is a place of public accommodation, with its principal place of business in Miami, Florida

10. At all times material, Defendant, ARTISTAS RESTAURANT INC D/B/A ARTISTAS RESTAURANT A/K/A ARTISTAS CAFE, was and is a Florida Profit Corporation,

---

[1] This falls with Co-Defendant/Landlord, HIALEAH INDUSTRIAL PORTFOLIO LLC's, property located at 9500 NW 79th Avenue, Hialeah Gardens, Florida 33016 that is the subject of this ADA Action.

organized under the laws of the State of Florida, with its principal place of business in Miami-Dade County, Florida.

11.     Venue is properly located in the Southern District of Florida because Defendants' commercial property and restaurant are located in Miami-Dade County, Florida; Defendants regularly conduct business within Miami-Dade County, Florida; and because a substantial part(s) of the events or omissions giving rise to these claims occurred in Miami-Dade County, Florida.

FACTUAL ALLEGATIONS

12.     Although well over thirty-three (33) years have passed since the effective date of Title III of the ADA, Defendants have yet to make their facilities accessible to individuals with disabilities.

13.     Congress provided commercial business one and a half years to implement the Act. The effective date was January 26, 1992.  In spite of this abundant lead-time and the extensive publicity the ADA has received since 1990, Defendants have continued to discriminate against people who are disabled in ways that block them from access and use of Defendant's property and the businesses therein.

14.     The ADA prohibits discrimination on the basis of disability in 28 CFR 36.201 and requires landlords and tenants to be liable for compliance.

15.     The Defendants in the instant case are the owner of the commercial real property at 9500 NW 79t$^h$ Avenue, Hialeah Gardens, Florida 33016 and a cafeteria sitting within it at 9550 NW 79th Avenue, Suite #3, Hialeah Gardens, Florida 33016, which together are a place of public accommodation.

16.     Plaintiff, JOSE MARINO, is an individual with disabilities as defined by and pursuant to the ADA. Plaintiff, JOSE MARINO, is, among other things, a paraplegic and is

3

therefore substantially limited in major life activities due to his impairment, including, but not limited to, not being able to walk or stand. Plaintiff requires the use of a wheelchair to ambulate.

17.     Defendant, HIALEAH INDUSTRIAL PORTFOLIO LLC, owns, operates, and oversees the commercial property, with all areas open to the public.

18.     Defendant, ARTISTAS RESTAURANT INC D/B/A ARTISTAS RESTAURANT A/K/A ARTISTAS CAFE, owns, operates and oversees the cafeteria within this commercial property, to include all areas open to the public to its cafeteria therein.

19.     The subject commercial property and restaurant within it are each open to the public and is located in Miami, Florida. The individual Plaintiff visits the commercial property and cafeteria, to include a visit to the commercial property and business located within the commercial property on June 16, 2026 and encountered multiple violations of the ADA that directly affected his ability to use and enjoy the commercial property.  He often visits the commercial property and cafeteria restaurant in order to avail himself of the goods and services offered there, and because it is a little under twenty-five (25) miles from his property and is near other business and friends' homes that he frequents as a patron.  He plans to return to the commercial property within two (2) months from the date of the filing of this Complaint.

20.     The Plaintiff, JOSE MARINO, found the commercial property and cafeteria to be rife with ADA violations, despite having been previously sued by other Plaintiffs for ADA violations. The Plaintiff encountered architectural barriers at the commercial property and cafeteria within the subject restaurant in violation of the ADA and wishes to continue his patronage and use of the premises.

21.     The Plaintiff, JOSE MARINO, has encountered architectural barriers that are in violation of the ADA at the subject commercial property and cafeteria. The barriers to access at

4

Defendants' commercial property and cafeteria have each denied or diminished Plaintiff's ability to visit the commercial property and cafeteria and have endangered his safety in violation of the ADA.  The barriers to access, which are set forth below, have likewise posed a risk of injury(ies), embarrassment, and discomfort to Plaintiff, JOSE MARINO, and others similarly situated.

22.     Mr. Marino is a staunch advocate of the ADA. Since becoming aware of his rights, and their repeated infringement, he has dedicated much of his life to this cause so that he, and others like him, may have full and equal enjoyment of public accommodations without the fear of discrimination and repeated exposure to architectural barriers in violation of the ADA.

23.     He is often frustrated and disheartened by the repetitiveness of the Complaints he is forced to make to employees and management at different places of public accommodation over thirty-three (33) years after the legislation of the ADA, to no avail. Mr. Marino is accordingly of the belief that the only way to affect change is through the mechanisms provided under the ADA.

24.     Defendant, HIALEAH INDUSTRIAL PORTFOLIO LLC, owns and operates the commercial property which is the subject of this ADA Action and which is a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201 (a) and 36.104.  Defendant, HIALEAH INDUSTRIAL PORTFOLIO LLC, as the owner of the commercial real property is solely responsible for complying with the obligations of the ADA for the common areas of the commercial property at 9500 NW 79th Avenue, Hialeah Gardens, Florida 33016 it is the landlord for the tenants at that commercial property and is accordingly jointly and severally responsible for complying with the obligations of the ADA along with its tenant and Co-Defendant, ARTISTAS RESTAURANT INC D/B/A ARTISTAS RESTAURANT A/K/A ARTISTAS CAFE for the cafeteria it owns manages and runs as a place of public accommodation. The place of public accommodation that Defendant/Tenant, ARTISTAS RESTAURANT INC

D/B/A ARTISTAS RESTAURANT A/K/A ARTISTAS CAFE, owns and operates is the cafeteria located within commercial property owned by its Co-Defendant and Landlord located at 9550 NW 79th Avenue, Suite #3, Hialeah Gardens, Florida 33016 and is accordingly jointly and severally responsible for complying with the obligations of the ADA with its Landlord and Co-Defendant, HIALEAH INDUSTRIAL PORTFOLIO LLC

25. Defendant/Landlord, HIALEAH INDUSTRIAL PORTFOLIO LLC, as owner of the commercial property, and Co-Defendant/Tenant, ARTISTAS RESTAURANT INC D/B/A ARTISTAS RESTAURANT A/K/A ARTISTAS CAFE, as owner of the cafeteria located at the subject commercial real property are together jointly and severally liable for all ADA violations listed in Count II of this ADA Complaint, while Defendant/Landlord, HIALEAH INDUSTRIAL PORTFOLIO LLC, as owner of the commercial property is solely responsible for all ADA violations listed in Count I of this ADA Complaint.

26. Plaintiff, JOSE MARINO, has a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to the described commercial property and restaurant, including but not necessarily limited to the allegations of this Complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination at the commercial property, in violation of the ADA. Plaintiff desires to visit the commercial property and cafeteria business located therein, not only to avail himself of the goods and services available at the commercial property, but to assure himself that the commercial property and cafeteria are in compliance with the ADA, so that he and others similarly situated will have full and equal enjoyment of the commercial property without fear of discrimination.

27. Defendants have discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages

6

and/or accommodations of the commercial property, as prohibited by 42 U.S.C. § 12182 et seq.

## COUNT I – COMMON AREA ADA VIOLATIONS FOR LANDLORD/DEFENDANT, HIALEAH INDUSTRIAL PORTFOLIO LLC

28.     The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 27 above as though fully set forth herein.

29.     Defendant, HIALEAH INDUSTRIAL PORTFOLIO LLC has discriminated, and continues to discriminate, against Plaintiff in violation of the ADA by failing, inter alia, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A list of the violations that Plaintiff encountered during his visit to the commercial property, include but are not limited to, the following:

A.   Parking

   i.     There are accessible parking space access aisles that are obstructed with vehicles parked in them. The facility fails to maintain the elements that are required to be readily accessible and usable by persons with disabilities, violating 28 CFR 36.211.

   ii.    There are accessible parking spaces that do not provide signs designating them as accessible, violating Section 4.6.4 of the ADAAG and Section 502.6 of the 2010 ADA Standards, whose resolution is readily achievable.

   iii.   The required number of accessible parking spaces is not provided, violating Section 4.1.2(5a) and 4.6.1 of the ADAAG and Section 208.2.4 of the 2010 ADA Standards, whose resolution is readily achievable.

   iv.    The Plaintiff had difficulty exiting the vehicle, as designated accessible parking spaces are located on an excessive slope. Violation: There are accessible parking spaces located on an excessive slope violating Section 4.6.3 of the ADAAG and Section 502.4 of the 2010 ADA Standards, whose resolution is readily achievable.

v.      The Plaintiff had difficulty exiting the vehicle, as designated accessible parking space access aisles are located on an excessive slope. Violation: There are accessible parking space access aisles located on an excessive slope violating Section 4.6.3 of the ADAAG and Section 502.4 of the 2010 ADA Standards, whose resolution is readily achievable.

vi.      The Plaintiff had difficulty exiting the vehicle, as an access aisle of the required width is not provided. Violation: There are accessible parking spaces that do not have compliant access aisles provided, violating Sections 4.1.2(5a) and 4.6.3 of the ADAAG and Section 502.3.1 of the 2010 ADA Standards, whose resolution is readily achievable.

B.   Entrance Access and Path of Travel

i.      The Plaintiff had difficulty entering tenant spaces without assistance, as the entrance thresholds are too high. Violation: There are threshold rises more than ½ inch at the tenant entrances, violating Section 4.13.8 of the ADAAG and Section 404.2.5 of the 2010 ADA Standards, whose resolution is readily achievable.

ii.      The Plaintiff could not enter tenant spaces without assistance, as the required level landing is not provided. Violation: A level landing that is 60 inches minimum perpendicular to the doorway is not provided at accessible entrances violating Section 4.13.6 and Figure 25(a) of the ADAAG and Section 404.2.4 of the 2010 ADA Standards, whose resolution is readily achievable.

iii.      The Plaintiff had difficulty entering tenant spaces without assistance, as the required maneuvering clearance is not provided. Violation: The tenant entrance doors do not provide the required latch side clearance violating Section 4.13.6 of the ADAAG and Section 404.2.4 of the 2010 ADA Standards, whose resolution is readily achievable.

iv.      The Plaintiff had difficulty traversing the path of travel, as it was not continuous and accessible. Violation: There are inaccessible routes between sections of the facility. These are violations of the requirements in Sections 4.3.2(2), 4.3, and 4.5 of the ADAAG and Sections 206.2.2, 303, 402 and 403, whose resolution is readily achievable.

v.       The Plaintiff had difficulty traversing the path of travel, as there are cross slopes more than 2%. Violation: The path of travel contains excessive cross slopes in violation of Section 4.3.7 of the ADAAG and Section 403.3 of the 2010 ADA Standards, whose resolution is readily achievable.

### COUNT II - ADA VIOLATIONS FOR LANDLORD/DEFENDANT, HIALEAH INDUSTRIAL PORTFOLIO LLC AND TENANT/DEFENDANT, ARTISTAS RESTAURANT INC D/B/A ARTISTAS RESTAURANT A/K/A ARTISTAS CAFE

30.      The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 27 above as though fully set forth herein.

31.      Defendants, HIALEAH INDUSTRIAL PORTFOLIO LLC and ARTISTAS RESTAURANT INC D/B/A ARTISTAS RESTAURANT A/K/A ARTISTAS CAFE, have discriminated, and continue to discriminate, against Plaintiff in violation of the ADA by failing, inter alia, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A list of the violations that Plaintiff encountered during his visit to the commercial property and cafeteria, include but are not limited to, the following:

A.       Entrance Access and Path of Travel

i.       The Plaintiff could not exit the restaurant without assistance, as the required level landing is not provided. Violation: A level landing that is 60 inches minimum perpendicular to the doorway is not provided at accessible entrances violating Section 4.13.6 and Figure 25(a) of

the ADAAG and Section 404.2.4 of the 2010 ADA Standards, whose resolution is readily achievable.

ii.      The Plaintiff could not exit the restroom without assistance, as the required level landing is not provided. Violation: A level landing that is 60 inches minimum perpendicular to the doorway is not provided at the restroom entrance violating Section 4.13.6 and Figure 25(a) of the ADAAG and Section 404.2.4 of the 2010 ADA Standards, whose resolution is readily achievable.

B.     Public Restrooms

i.      The restroom signage is not mounted at the required location, violating Section 4.30.6 of the ADAAG and Section 703.4 of the 2010 ADA Standards, whose resolution is readily achievable.

ii.      The Plaintiff had difficulty using the locking mechanism on the restroom door without assistance, as it requires tight grasping. Violation: The restroom door has non-compliant hardware for disabled patrons, violating Sections 4.13.9 & 4.27.4 of the ADAAG and Sections 309.4 & 404.2.7 of the 2010 ADA Standards, whose resolution is readily achievable.

iii.      The Plaintiff was exposed to a cutting/burning hazard because the lavatory pipes are not wrapped. Violation: The lavatory pipes are not fully wrapped or maintained violating Section 4.19.4 of the ADAAG and Section 606.5 of the 2010 ADA Standards, whose resolution is readily achievable.

iv.      The Plaintiff could not use the soap bottle without assistance, as it requires a tight grasp to operate. Violation: The soap dispensers require a tight grasp to operate in violation of Section 4.27.4 of the ADAAG and Section 309.4 of the 2010 ADA Standards, whose resolution is readily achievable.

v.      The Plaintiff could not use the mirror, as it is mounted too high. Violation: The mirrors provided in the restrooms are in violation of the requirements in Section 4.19.6 of the ADAAG and Section 603.3 of the 2010 ADA Standards, whose resolution is readily achievable.

vi.      The Plaintiff had difficulty using the toilet paper & paper towels due to the rolls not being located within a dispenser. Violation: Elements in the restroom are not readily accessible and usable by persons with disabilities, violating 28 CFR 36.211, whose resolution is readily achievable.

vii.      The Plaintiff could not transfer to the toilet without assistance, as a trashcan obstructed the clear floor space. Violation: The required clear floor space is not provided next to the toilet, violating Section 4.16.2 & Figure 28 of the ADAAG, 28 CFR 36.211, and 604.3 of the 2010 ADA Standards, whose resolution is readily achievable.

viii.      The Plaintiff could not transfer to the toilet without assistance, as the grab bars are not the required length. Violation: The grab bars do not comply with the requirements prescribed in Section 4.16.4 & Figure 29 of the ADAAG and Sections 604.5 & 609.4 of the 2010 ADA Standards, whose resolution is readily achievable.

### RELIEF SOUGHT AND THE BASIS

32.   The discriminatory violations described in this ADA Complaint are not an exclusive list of the Defendants' ADA violations.  Plaintiff requests an inspection of the Defendants' places of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and barriers to access in conjunction with Rule 34 and timely notice. Plaintiff further requests to inspect any and all barriers to access that were concealed by virtue of the barriers' presence, which prevented Plaintiff, JOSE MARINO, from further ingress, use, and equal enjoyment of the commercial property and restaurant.  Plaintiff further requests to be allowed

to be physically present at such inspection in conjunction with Rule 34 and timely notice.  Plaintiff requests the inspection in order to participate in crafting a remediation plan to address Plaintiff's request for injunctive relief. The remediations for the ADA violations listed herein are readily achievable.

33.   The Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied full and equal enjoyment of the goods, services, facilities privileges, benefits, programs and activities offered by Defendants' commercial property and cafeteria within the place of public accommodation; and has otherwise been discriminated against and damaged by the Defendants because of the Defendants' ADA violations as set forth above. The Plaintiff, and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendants' places of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act. Plaintiff further requests a remediation plan and the opportunity to participate in the crafting of the remediation plan in order to participate in crafting a remediation plan to address Plaintiff's request for injunctive relief.

34.   Defendants have discriminated against the Plaintiff by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of their places of commercial property and cafeteria facility, in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Defendants have also discriminated against Plaintiff in violation of 42 U.S.C. § 12131 et seq. and 28 C.F.R. Part 35 et seq for excluding Plaintiff by reason of disability from participation in and denying him benefits of the services, programs, or activities of a public entity. Furthermore, the Defendants continue to discriminate against Plaintiff, and all

those similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

35. Plaintiff is without adequate remedy at law, will suffer irreparable harm, and has a clear legal right to the relief sought. Further, injunctive relief will serve the public interest and all those similarly situated to Plaintiff. Plaintiff has retained the undersigned counsel and is entitled to recover attorneys' fees, costs and litigation expenses from Defendants pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

36. Defendants are required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for their place of public similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendants' places of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

37. Notice to Defendants is not required as a result of the Defendants' failure to cure the violations by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent has been met by the Plaintiff or waived by the Defendants.

38. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff's Injunctive Relief, including an order to alter the commercial property and cafeteria /places of

public accommodation where Defendants operate their business, located on and/or within the commercial property located at 9500 NW 79th Avenue, Hialeah Gardens, Florida 33016 and the restaurant located at 9550 NW 79th Avenue, Suite #3, Hialeah Gardens, Florida 33016 to include the interiors, exterior areas, and the common exterior areas of the commercial property and restaurant in order to make those facilities readily accessible and useable to the Plaintiff and all other mobility-impaired persons; or by closing the facility until such time as the Defendants cure its violations of the ADA.

WHEREFORE, the Plaintiff, JOSE MARINO, respectfully requests that this Honorable Court issue (i) Injunctive relief against Defendants, including an order to make all readily achievable alterations to the facilities; or to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require Defendants to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services; (ii) An award of attorneys' fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205 ; and (iii) such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Dated: August 3, 2026

**ANTHONY J. PEREZ LAW GROUP, PLLC**
*Attorneys for Plaintiff*
7950 W. Flagler Street, Suite 104
Miami, Florida 33144
Telephone: (786) 361-9909

14

Facsimile: (786) 687-0445
Primary E-Mail: ajp@ajperezlawgroup.com
Secondary E-Mails: jr@ajperezlawgroup.com,
mds@ajperezlawgroup.com


By: ___*/s/ Anthony J. Perez*_____
        ANTHONY J. PEREZ
        Florida Bar No.: 535451

15